FIRST NATIONAL BANK, of St. Petersburg, Florida, as Guardian of the Estate of Alice D. Hill, an Insane Person, and ALICE D. HILL, by her Guardian as Aforesaid, *Appellants*, v. MARGARET A. MACDONALD, et al., as Surviving Executors of the Last Will and Testament of William H. Hill, Deceased, *Appellees*.

En Banc.

Opinion filed August 6, 1930.

Petition for rehearing denied October 10, 1930.

*Booth & Dickenson,* and *Mabry, Reaves and White,* for Appellant;

*Lodge & Brown,* of Detroit, Michigan, and *Bilger and Grazier,* for Appellees.

PER CURIAM.—William H. Hill, a citizen of St. Petersburg, Florida, died testate in July, 1929, leaving a large and valuable estate. He had no children but after making liberal provisions for his wife and bequests to some relations and friends, he bequeathed the remainder of his estate to educational and charitable institutions. Soon after the testator's death his wife became insane and the appellant was duly appointed as her guardian. The guardian of Mrs. Hill elected for her to dissent from the provisions of the will and take a child's part and petitioned the probate judge of Pinellas County to confirm such election. At this stage

of the proceedings, the executors of the will intervened and after hearing testimony submitted from both sides the probate judge entered his order ratifying and confirming the election made by the guardian to dissent from the terms of the will and take a child's part. From this order the executors of the will, appellees here, prosecuted their appeal to the circuit court which reversed the decree of the probate court. The cause comes here on appeal from the decree of the circuit court.

In a well reasoned opinion, the circuit judge in effect held that if an election could be made for the insane widow it could be made only through a court of chancery and that the probate judge had no jurisdiction in such matters. He also held that under the facts presented in this case the will should stand.

We think the decree of the Circuit Court was correct and it is hereby affirmed.

Affirmed.

TERRELL, C. J., AND ELLIS, WHITFIELD AND BUFORD, J. J., concur.